UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NANCY DELIMA,                                       Civil No. 06-328-JE

        Plaintiff,                             ORDER

        v.

HOME DEPOT U.S.A., INC, doing business
as The Home Depot

        Defendant.

HAGGERTY, Chief Judge:

      Magistrate Judge Jelderks issued a Findings and Recommendation (F&R) [111] in this action, recommending that defendant's motion for summary judgment [52] should be GRANTED in part and DENIED in part, GRANTING plaintiff's motion to strike [72] and GRANTING in part and DENYING in part defendant's motions to strike [88, 104]. On March 31, 2008, the

1      - ORDER

matter was referred to this court. When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review of that Findings and Recommendation. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The Findings and Recommendation provided a thorough analysis of the facts. This factual analysis is not objected to by petitioner, and need not be repeated here.

Defendant makes two objections to the F&R. First, defendant argues that plaintiff's wage claim pursuant to O.R.S. § 652.220 is time-barred. Second, defendant argues that plaintiff's Title VII wage claim is time-barred.

In finding that plaintiff's state wage claim pursuant to O.R.S. § 652.220 was not time-barred, the F&R concluded that the statute of limitations under O.R.S. § 659A was applicable, and therefore plaintiff could recover under Oregon statutes for any unlawful discrimination on her compensation after December 10, 2003 (one year prior to the filing of her BOLI complaint). Defendant objects, and argues that O.R.S. § 652.230 contains the relevant statute of limitations. O.R.S. § 652.230 provides:

> (1) Any employee whose compensation is at a rate that is in violation of ORS 652.220 shall have a right of action against the employer for the recovery of: (a) The amount of unpaid wages to which the employee is entitled for the one year period preceding the commencement of the action; and [liquidated damages and attorney's fees].

O.R.S. § 652.230. Instead of creating a separate statute of limitations for claims brought pursuant to O.R.S. § 652.220, however, O.R.S. § 652.230 merely places a limitation on the period for which damages may be recovered. This court adopts the conclusion of the F&R and finds that plaintiff's claim under O.R.S. § 652.220 is not time-barred.

Defendant argues that plaintiff's Title VII wage claim is barred under *Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162 (2007). On this issue, the F&R found that:

> though the applicable statute of limitations precludes plaintiff's recovery under Title VII for any pay decisions implemented before February 13, 2004, [defendant's] motion for summary judgment on plaintiff's Title VII pay claim should be denied because material issues of fact exist as to whether pay raises [defendant] implemented for any similarly situated male employees after that date reflected discrimination in favor of that male employee.

F&R p. 46. Defendant asserts that the F&R erred by holding that pay raises awarded to other employers restarted the 300-day statute of limitations on her Title VII wage claim. This court agrees with the F&R's conclusion that "there is nothing in the *Ledbetter* decision that precludes the statute of limitations from starting to run again if the employer subsequently discriminates, on the basis of gender, in establishing or raising the pay of another employee." F&R p. 46.

The court has given the file of this case a *de novo* review, and has also carefully evaluated the Findings and Recommendation, the objections, and the entire Record. The Judge's reasoning and recommendations are sound, correct, and entitled to adoption.

## CONCLUSION

This court adopts the F&R [111]. Accordingly, defendant's motion for summary judgment [52] is GRANTED in part, and DENIED in part, as set forth in the F&R.

IT IS SO ORDERED.

Dated this __23__ day of April, 2008.

                                            /s/ Ancer L. Haggerty
                                            Ancer L. Haggerty
                                            United States District Judge